DECISION
Plaintiffs appeals Defendant's Notices of Deficiency Assessment (Notices), dated March 12, 2010, for tax years 2005 and 2006, and Defendant's Notice of Deficiency Assessment, dated March 5, 2010, for tax year 2007.[1] A trial was held in the Oregon Tax Courtroom, Salem, Oregon, on October 26, 2010. Plaintiff Martin B. Garcia (Garcia), appeared through his interpreters, Paula Jane Taliaferro and Jose Gonzales. Kevin Cole, Tax Auditor, appeared on behalf of Defendant.
Plaintiffs' unmarked exhibits filed September 20, 2010, and Defendant's Exhibits A, B, C, and D were received without objection.
 I. STATEMENT OF FACTS
Plaintiffs appeal Defendant's denial of four individuals Plaintiffs claimed as dependents on their Oregon state income tax returns for tax years 2005, 2006, and 2007. Those four individuals were identified as: Abraham Garcia, son; Benjamin Garcia, son; Maximo Garcia, *Page 2 
Garcia's father; and Alvaro Garcia, Garcia's brother. (Ptfs' Forms 1040A, (2005), (2006), and (2007) at 1.) Plaintiffs submitted a copy of their marriage certificate and taxpayer identification numbers assigned to Plaintiff Maria Del Rosario Cordova (Cordova), Garcia's wife; Abraham; Benjamin; Maximo; and Alvaro.
Plaintiff submitted a document entitled Dolex Dollar Express Inc., listing cash transfers in pesos from Garcia to his wife for the period from January 1, 2003 through February 28, 2010. Cole questioned whether Garcia sent the money, stating that nothing with Garcia's signature was submitted showing that Garcia provided the money that was reported as transferred to Cordova, who lives in Mexico. Garcia testified that the money was used to support his wife, sons, brother, and father. He testified that, during the tax years at issue, his father did not work nor receive any income from another source. Garcia testified that his brother worked "one or two days a week" for $10 per day. He testified that, because of the low wages his brother could earn, Garcia told his brother to "stay home" and "care for their father." Garcia testified that his wife does not work outside the home.
Cordova and the four individuals listed as dependents live in Mexico in one of four houses owned by Cordova's father. Plaintiffs submitted copies of receipts that Garcia testified were for "his share of the rent." He testified that the "town charges for water and taxes the ground." The amounts reported as paid annually for rent by Garcia exceeded the amount of money Garcia reported as transferred to his wife.[2] Garcia testified that he is "supporting his children" and submitted "school records." He testified that his sons take a bus that requires a transfer to their school. Garcia testified that the bus gives a "ticket" without stating the amount *Page 3 
paid. He testified that he purchased a computer for his sons, making monthly payments to the bank, but the bank did not list the "product" on the payment statement.
Garcia testified that he was unable to submit receipts for living expenses, including food, utilities or clothing, because all purchases were paid in cash and "no one gives receipts" in Mexico. Garcia testified that his son, Abraham, suffered a head injury and it cost him "lots of money," but the doctor was unable to provide receipts "because too much time had gone by."
 II. ANALYSIS
As this court has previously noted, "[t]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007."Ellison v. Dept. of Rev., TC-MD No 041142D, WL 2414746 *6 (Sept 23, 2005). As a result, the legislature adopted, by reference, the federal definition for dependents, including those allowed under section 152 of the Internal Revenue Code (IRC).[3]
IRC section 152(a) generally defines dependent to mean a "qualifying child, or a qualifying relative." "The term `dependent' does not include an individual who is not a citizen or national of the United States unless such individual is a resident of the United States or a country contiguous to the United States." IRC152(b)(3). To claim a qualifying child or a qualifying relative as a dependent, [4] the taxpayer must provide more than one-half of the individual's support for the calendar year.
The issue before the court is whether Plaintiffs provided more than one-half of the support for their two sons, Garcia's brother and Garcia's father, who each live in Mexico (a country contiguous to the United States), for each of the calendar years at issue. To answer that question, the *Page 4 
total cost of providing support for each individual for each year must be determined. Plaintiffs did not testify nor submit evidence as to the total cost of providing support for the claimed dependents. Plaintiffs provided receipts for his share of the rent for a shared living arrangement. Those reported annual amounts exceeded the cash transfer total reported on the Dolex Dollar Express Inc. report for the period January 1, 2003 through February 28, 2010. There was no evidence as to the amount of rent paid by other members of Plaintiffs' extended family. The court does not know if the rent amount paid by Garcia meets the statutory requirement of providing more than one-half of the support. For other living expenses, such as food, clothing, medical, education, transportation, and similar living expenses, Garcia did not provide evidence other than testifying that he transferred money to his wife who paid cash for all living expenses for the four claimed dependents.
Plaintiffs requests that the court conclude that the total amount of money transferred to Cordova is adequate evidence that he provided more than one-half of the support for the claimed dependents. Unfortunately, the court is unable to verify that the money transferred was adequate to meet the support requirement. Given that the reported total cash transfer amounts were less than the annual rent expense receipts provided by Plaintiffs, there is no evidence that Garcia was providing more than one-half of the support of all living expenses.
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. ofRev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)). Plaintiffs submitted no evidence of the total amount of *Page 5 
support provided for the claimed dependents. The court cannot conclude that the money transferred was more than one-half of the support for each of the claimed dependents in each of the tax years at issue.
 III. CONCLUSION
Because Plaintiffs are unable to prove that Plaintiffs provided more than one-half of the support for the four claimed dependents for tax years 2005, 2006, and 2007, Plaintiffs' appeal must be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal for tax years 2005, 2006, and 2007 is denied; and
IT IS FURTHER DECIDED that Plaintiffs' Complaint is amended to exclude tax year 2008 from the years Plaintiffs' are appealing.
Dated this ____ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron February 16, 2011. The Court filed and entered this documenton February 16, 2011.
[1] Plaintiffs appealed tax year 2008. The court never received confirmation from the parties that Defendant assessed Plaintiffs for tax year 2008. That year is not before the court.
[2] For tax year 2006, Plaintiffs submitted rental expense receipts totaling $31,000 and the Dolex Dollar Express Inc. money transaction report for tax year 2006 totaled $9,041. For each of the tax years at issue, the money transaction report Plaintiffs submitted was less than the reported annual rental expense receipts submitted by Plaintiff. There was no evidence offered to explain how Plaintiffs paid the difference between the cash transfers and rent expense receipts.
[3] All references to the IRC and accompanying regulations are to the 1986 code, and include updates applicable to 2005, 2006, and 2007.
[4] The parties do not dispute that Plaintiffs' sons, Garcia's brother, and Garcia's father meet the statutory definition of qualifying child or qualifying relative.